UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) ) | |
| v. | ) ) | **CRIMINAL NO. 99-79-P-H-04** |
| **PAUL W. MOUNTS,** | ) ) ) | |
| **DEFENDANT** | ) | |

### ORDER ON DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE

The defendant, about halfway through a twenty-year sentence imposed by Judge Gene Carter, has moved for the amendment of a condition of supervised release (a condition that applies only after he gets out of prison).  I **DENY** the motion.

In the original sentence imposed in 2000, Judge Carter included the following condition of supervised release applicable once the defendant is released from Bureau of Prisons' custody: "Defendant shall have no communication or contact with any and all codefendants including, specifically, Heidi Chaffee." Mem. of Sentencing J. as to Paul W. Mounts at 7 (Docket Item 344).  Judge Carter noted that the defendant objected to the restriction on contact with Heidi Chaffee, but Judge Carter imposed the condition nonetheless.  Id.

The defendant has now moved to have the restriction lifted, observing among other things that Heidi Chaffee has no criminal record related to the

defendant, that they were engaged to be married, that she was pregnant with his child before a miscarriage, and that they are still in love and intend to be married. Mot. to Modify Conditions of Release at 1-2 (Docket Item 662).

Because I was not the sentencing judge, I obtained a transcript of Judge Carter's sentencing hearing. On the issue of this particular condition Judge Carter stated in open court:

> My resolution of that issue is that it is especially essential that he have no contact with her, not only for his own benefit but principally for hers. I have heard from testimony at her trial, which is sufficient to lead me to the conclusion that he was principally responsible for leading her into the conduct that exposed her to the risk of trial, and it continues to precipitate her exposure to him, ultimately to the possible prosecution for another offense. So I'm satisfied there is a basis for the Court in both their ability to preclude them from interaction with each other.

Tr. Sentencing Proceedings 20:4-14, Dec. 20, 2000 (Docket Item 372). Judge Carter was referring to the fact that Ms. Chaffee had been acquitted in a trial at which Judge Carter presided and that in addition the defendant had persuaded her to bring contraband (cigarettes) to him in the county jail (the attempt was unsuccessful) while he was awaiting sentencing by Judge Carter. She was not prosecuted for the latter conduct.

The defendant has not pointed to anything that has changed since Judge Carter imposed the sentencing condition in question. The government has resisted the request to remove it.

I conclude that it is premature to remove the condition at this time. There will be time enough to consider removing it when the defendant is actually released and goes under supervision. He can request modification

then, and the judge can then obtain from the supervising officer an assessment of the risks of the association, if any, as well as Ms. Chaffee's position on the matter.

I presume that the defendant is raising the question now in hopes that removing the condition now might influence how the Bureau of Prisons treats his communication with or visits from Ms. Chaffee. What the Bureau of Prisons does on that score is up to the Bureau of Prisons. The existence of the condition should not be read as a request by this Court that Bureau of Prisons restrict the defendant's communication with or visits from Ms. Chaffee.

**SO ORDERED.**

**DATED THIS 28TH DAY OF APRIL, 2010**

/s/D. Brock Hornby
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**